**METZLER v YOUNGSTOWN (city)**

Ohio Appeals, 7th Dist, Mahoning Co

No 2362.  Decided Nov 24, 1936

Carl Armstrong, Youngstown, and John Ruffalo, Youngstown, for appellee.

Vern B. Thomas, Youngstown, and William E. Lewis, Youngstown, for appellant.

### OPINION

By NICHOLS, J.

Thomas Metzler, a man of seventy-four years of age, brought his action in the Court of Common Pleas of Mahoning County to recover damages for personal injuries alleged to have been sustained by him when he was caused to fall by reason of an alleged defective trap door installed and maintained in the sidewalk in front of what is known as the Burnside property on the north side of East Federal Street in the city of Youngstown.

Upon trial to a jury a verdict was returned in favor of plaintiff in the sum of $9,000.  Motion for a new trial was duly filed, overruled and judgment entered on the verdict.  The city of Youngstown files appeal of law for reversal of the judgment of the Common Pleas Court and urged that the verdict of the jury was the result of misconduct on the part of one of counsel for the prevailing party, which misconduct ˙was grossly prejudicial to appellant and prevented it from having a fair and impartial trial; and that the verdict of the jury is grossly excessive and was given under the influence of passion and prejudice.

The claimed misconduct of counsel consists of remarks made during the argument to the jury, in the hearing and presence of the court, which were not taken by the official court stenographer but were shown by affidavits used in the hearing of the motion for a new trial and by journal entry of the court are made a part of the bill of exceptions which is certified by the trial judge.  It is claimed on behalf of the appellee that these affidavits have not been brought into the bill of exceptions in accordance with well established rules, there having been no objection or exception taken thereto at the time and the attention of the trial court not having been directed thereto in any manner at the time.

We will dispose of these opposing contentions together.

The only affidavit filed on behalf of appellant was that of William E. Lewis, counsel for the city, who made oath that he was at the trial table in the court room during the entire argument of Carl Armstrong, one of counsel for plaintiff, and that he heard every word uttered in the opening argument in the presence of the jury, and that in his argument Carl Armstrong, among other things, said:

"When I was Law Director of the City of Youngstown, it was our custom to require all abutting property owners to furnish the city with bonds to save the city harmless where persons were injured on trap doors located on city sidewalks."

Affiant further averred that Carl Armstrong later said in his argument in the presence of the jury:

"I am not sure that the city of Youngstown can sue the abutting property owner in this case and recover back any judgment which the city has to pay."

The above quoted remarks are all that are claimed to have been made by counsel for the plaintiff as being prejudicial to the defendant. The affidavit of Carl Armstrong, attached to the bill of exceptions, sets forth that at the trial of the cause the defendant, City of Youngstown, introduced evidence that another action was pending, brought by Thomas Metzler against the owner of the property abutting upon the place where plaintiff received his injuries; that some evidence was introduced by defendant showing the nature and character of the second pending action against the abutting property owner, and thereby it was called to the attention of the jury that the plaintiff had two actions pending for the same cause of action.

Mr. Armstrong further avers that in his argument to the jury, he called the attention of the jury to the above facts and sought to explain to them that the pendency of two actions in no way affected the outcome of the then pending trial; and also explained to the jury that they should not consider the pendency of the second action as in any way affecting the issue in the trial against the city of Youngstown; that while there might be two actions pending and there could be two trials affecting plaintiff's cause of action, there could only be one recovery; hence it was the duty of the jury not to attempt to "split" the

amount of the verdict to which plaintiff might be entitled in the present action and leave him to recover the balance in the second pending action; that the statement contained in the affidavit of Mr. Lewis was, merely explanatory of the situation, and that when counsel for the defendant, Mr. Lewis, presented himself before the jury to argue the case, he went into detail as to the merits and effect of two pending actions and argued the case somewhat at length, explaining to the jury that in this case the city had no indemnity bond and no insurance; that the city would eventually seek to recover against the abutting property owner if a verdict were rendered against the city in the instant trial, and also argued that the action ought to have been brought in the first instance against the abutting property owner instead of against the city; that no objection or exception was taken to the argument of counsel for the plaintiff during the progress of such argument, and that no misapprehension of the jury could have arisen on account of it.

We have examined the record of the evidence taken upon the trial and quote from pages 84 and 85, when counsel for the defendant was cross-examining the plaintiff, as follows:

"Q. Now, Mr. Metzler, is it true or is it not true that you have filed a law suit in this court against Clara A. Burnside, the owner of this property in front of which this trap door is located, to recover damages?

A. I have filed suit against them?

Q. Yes.

A. I filed suit against them, yes.

MR. RUFFALO: I object now to any further questions along that line, Your Honor.

COURT: Arising out of the same facts?

MR. LEWIS: Yes, that is what I want to ask, that was my next question.

MR. RUFFALO: That is a different law suit and it is against the property owners, Your Honor, for mere protection.

COURT: This is cross examination and I am not sure just what is in the mind of Mr. Lewis, if he is going to make some claim here that he is alleging different injuries in his suit against the property owner—

MR. LEWIS: No, I am not, Your Honor; to be fair with the court, the next question, if you will permit me to ask it and they can object to it—

COURT: Go ahead and ask it.

Q. Here is my next question: Do you

not claim in your suit against Clara A. Burnside, the owner of the property, the same set of facts as you set up in your petition against the City of Youngstown?

MR. ARMSTRONG: We admit that.

MR. RUFFALO: We admit that and we would like to have Your Honor instruct the jury that that fact has no bearing whatsoever insofar as this case is concerned.

COURT: I shall say this to the jury: that the mere fact that this plaintiff has filed another suit against another defendant does not relieve this defendant of any liability providing there is any liability found in this case by the evidence thereof and that one may sue more than one person for injury, providing more than one person has in any wise caused or produced these injuries.

MR. RUFFALO: Precisely, Your Honor, and another thing, so that the jury may not misinterpret the court's remarks, there can only be one recovery.

COURT: What I think you are saying is that perhaps one can't be compensated twice for his injuries, twice for his damages.

MR. RUFFALO: In other words, I don't want the jury to think, if they bring in a verdict against the city for a certain amount, perhaps less than what he should have because he may have another income from another defendant, which is not so.

COURT: I am just going to try the law suit I am in right now. I have got my hands full as it is; when that other law suit comes on I will try it.

That is all."

It will thus be seen that counsel for the defendant brought into the trial of the action the fact that plaintiff had pending another action against he owner of the abutting property, alleging therein the same facts and praying damages for the injuries plaintiff had received in falling over the trap door in question. The matter of the second suit had no proper place in the action on trial and should not have been brought into the case by counsel for the defendant, who must have well known that the city was primarily liable in case it permitted a defect in its sidewalk after knowledge thereof and which proximately resulted in plaintiff's injuries. We may assume that the affidavits made upon the motion for new trial were both considered by the trial court in passing on this motion. It was the province of the trial court to believe or disbelieve the averments of these affidavits, and having so considered the same the trial court overruled defendant's motion for a new trial. In view of the action of counsel for the defendant in bringing into the evidence the improper matter of the additional suit pending against the abutting property owner, we are of the opinion that it was entirely proper that counsel for the plaintiff in his argument explain to the jury, as was done in this case, so that the jury might not have any misapprehension as to the effect of the action against the abutting property owner in case they should find for the plaintiff in the action at trial, and no objection having been made to the statements of counsel for the plaintiff at the time, we can not find that it was the duty of the trial court under the circumstances to interpose and caution the jury with reference to the objectionable statements of counsel. It may be that if the matter of the additional suit against the abutting property owner had not been brought into the evidence by counsel for the defendant, these remarks of counsel for the plaintiff would have been highly improper and the duty may have devolved upon the court in that event to instruct the jury to disregard the same without objection on behalf of counsel for defendant; but it is more reasonable to believe that if the evidence of the second suit against the abutting property owner had not been brought into the evidence by counsel for the defendant the objectionable statements would never have been made in the argument of counsel for plaintiff. There was no abuse of discretion upon the part of the trial court in failing to interpose under the circumstances, and we find there was no misconduct on the part of counsel for the plaintiff under the circumstances. It seems quite clear that nothing said by counsel for plaintiff could have had the effect of increasing the amount of the verdict, and it seems probable that had these remarks of counsel for the plaintiff been left unsaid, the jury may have been misled.

We do not find that the verdict of the jury was the result of passion or prejudice, induced by the remarks of counsel for plaintiff in his argument to the jury.

Was the verdict of $9,000 excessive, in view of all the evidence in the record? This evidence disclosed that plaintiff was seventy-four years of age; that he was formerly a sheet roller in the Youngstown Sheet & Tube mill for about twelve years, and thereafter for eleven years at the Wheeling Steel Corporation mill in Wheel-

ing, W. Va.; that when the depression set in about five years ago, he quit his job and turned it over to his son, who worked for just about one week and the mill shut down.

Plaintiff testified that he hadn't worked for wages since the depression began except around his house doing the chores, but that he was in good health, able to spade up and cultivate a garden sixty feet square, or larger; was able to climb his fruit trees and pick apples, grapes, cherries and plums —sometimes using a ladder and sometimes crawling over the trees—and doing other chores about the house for his wife and family.

The record further discloses that plaintiff's father lived to be one hundred years of age lacking eleven days; that his mother died from an injury at the age of about seventy-eight; that his oldest sister died at the age of eighty-five; that his oldest brother died at eighty-four or eighty-five, and another brother at the age of eighty-two; that one of his uncles died at the age of one hundred and four years; that he had a brother living at the age of eighty-two; that one sister died at fifty-two,- and another about the age of fifty; that he "never knew what it was to draw a sick breath or be unfit for a day's work or a meal" prior to his injury.

The evidence indicates that Mr. Metzler caught his foot on the defective trap door in the sidewalk and that he was thrown or stumbled over against a light post striking his right side, shoulder, neck and face; that he was rendered unconscious and lay upon the sidewalk for fifteen or twenty minutes, groaning; that an ambulance was called and he was sent to the hospital, where he remained for a period of six weeks, being in bed all except the last week, where he was attended by Dr. Baker and Dr. McElroy, the patient's body above the legs being placed in a plaster cast which he wore for five weeks, and afterwards a second cast was put on and he remained therein for seven months. The record discloses the medical treatment administered to the plaintiff, and Dr. Baker, his attending physician, who made the X-rays of Mr. Metzler, testified that there was a very marked compression of most of the vertebrae, meaning by compression, a squeezing together—a sort of crushing effect.

The jury had for consideration the testimony of Dr. S. H. Wedwitz, Dr. E. C. Baker and Dr. W. C. Ranz, for the plaintiff; Dr. L. E. Phipps and Dr. M. H. Bachman for the defendant, and had as well the testimony of the plaintiff to the effect that he suffered great pain for a long time; that for a long time he was not able to do anything, even unable to put on his clothes without assistance, and is still in a highly nervous condition, suffering pain and unable to work. The medical testimony indicates that plaintiff will likely be under treatment for years; that his hospital bill was $233.50; the ambulance bill was $5.00, and the medical bill about $200.00, at the time of the trial.

While it is true that the plaintiff was of advanced years at the time of his injury, yet, the jury might reasonably have concluded from the family history that plaintiff had many years of active, useful life remaining if he had not been injured. The jury would take into consideration the expenses already incurred and those shown by the evidence reasonably to be further incurred in treating his injuries; the pain and suffering which plaintiff had suffered and which the evidence reasonably indicated he would continue to suffer. It is not the province of this court to usurp the functions of the jury, who had before it abundance of evidence from which to arrive at the verdict, and while this court may not have found so large an amount for plaintiff if the matter had been submitted to us as a jury, we are not able to say that the verdict is manifestly against the weight of the evidence or that it is excessive in view of the evidence shown in the record, which we have carefully read.

We have considered all of the errors assigned and find no error in the record prejudicial to the rights of the defendant; and being unable to find that substantial justice has not been done, the judgment of the trial court must be and the same is affirmed.

Judgment affirmed.

CARTER and ROBERTS, JJ, concur.